IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JASON DELACERDA, #999609, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-280 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | DEATH PENALTY |
| | § | |
| *Respondent.* | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Jason Delacerda, through state habeas counsel, filed a motion (Docket No. 1) requesting the appointment of qualified counsel to represent him in a 28 U.S.C. § 2254 federal habeas challenge to his capital murder conviction and sentence of death. As a result, the above named and numbered federal habeas corpus proceeding was opened.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

In February 2018, a Hardin County, Texas, jury convicted Jason Delacerda of capital murder, *i.e.*, intentionally causing the death of a four-year-old child, in Cause No. 21,284. TEX. PENAL CODE § 19.03(a)(8). Based on the jury's answers to the Texas capital sentencing special issues, the trial court imposed a sentence of death.

The Texas Court of Criminal Appeals ("TCCA") affirmed Delacerda's conviction and sentence on direct appeal. *Delacerda v. State*, AP-77,078, 2021 WL 2674501 (Tex. Crim. App.

June 30, 2021). The TCCA's docket reflects that Delacerda timely filed a motion for rehearing, which was denied on January 12, 2022.

On April 19, 2022, he filed an application for petition for writ of certiorari with the U.S. Supreme Court challenging the denial of his direct appeal. *Jason Delacerda v. Texas,* No. 21-7646. The Supreme Court's docket shows that initial briefing on the application has been accepted and the briefing was distributed for conference on July 7, 2022. His application is set for conference on September 28, 2022. There is no final order from the Supreme Court on Delacerda's application for petition for writ of certiorari at this time.

After the TCCA's affirmance of Delacerda's sentence and conviction on direct appeal but before the resolution of his motion for rehearing, he filed his first application for state writ of habeas corpus relief on October 15, 2021. *Ex parte Delacerda*, WR-88,283-01. The TCCA subsequently denied Delacerda's application for state habeas corpus relief on June 22, 2022. *Ex parte Delacerda*, WR-88,283-01, 2022 WL 2251720 (Tex. Crim. App. June 22, 2022). The TCCA's docket currently reflects a July 11, 2022, notation indicating that there is a suggestion to reconsider the application for state writ of habeas corpus on the court's own motion. It is unclear whether this notation reflects a pending motion for rehearing filed by Delacerda or whether the TCCA is considering withdrawing its written opinion *sua sponte*. *See Ex parte Johnson*, 12 S.W.3d 472, 472 (Tex. Crim. App. 2000) (explaining that the TCCA lacks jurisdiction over a state writ application until the direct appeal is final).

Discussion

A conviction and sentence are not final for the purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA") until "the conclusion of direct review or the expiration of the time for seeking such review." *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007). Generally, the

AEDPA limitations period begins to run from the date on which a petitioner's state court conviction becomes "final," either at the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Thus, for purposes of determining the applicability of AEDPA as codified in Section 2254, finality of a state criminal proceeding occurs when both the conviction and sentence are final by the conclusion of direct review or by the expiration of time for seeking such review. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Here, Delacerda has challenged his conviction and sentence on direct review to the United States Supreme Court. That direct review is still pending at the Court. *See Jason Delacerda v. Texas*, No. 21-7646. The Court has explained that "direct review" has long included its own review on direct appeal. *Lawrence v. Florida,* 549 U.S. 327, 333 (2007) (citing *Clay v United States*, 537 U.S. 522, 527-528 (2003)). The Court further notes in *Lawrence* that "[t]he Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by this Court." *Id.*, citing *Clay,* at 528, n.3 (collecting cases). *See also, Gonzalez v. Thaler*, 565 U.S. 134, 150–51 (2012) (making clear that "the judgment becomes final at the 'conclusion of the direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari."). Accordingly, Delacerda's direct review challenge to his conviction and sentence remains pending and the direct review of his conviction and sentence are not final.

Without finality, a Section 2254 petition is premature and not yet subject to federal habeas review. 28 U.S.C. § 2244(d)(1)(A). Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the

3

remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett,* 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman,* 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson,* 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Delacerda's Section 2254 federal habeas filing is premature and should be dismissed without prejudice to his ability to file again when his state criminal judgment is final, and he has exhausted all available avenues of review in the state courts.

## Certificate of Appealability

To the extent a certificate of appealability is required to appeal from this order, "[a] state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues

before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). A certificate of appealability should be denied.

## Recommendation

This action should be dismissed without prejudice as premature for failure to comply with 28 U.S.C. § 2244(d)(1)(A). The Clerk of Court should be directed to return Delacerda's $5 filing fee.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law, and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law, and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions, and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 26th day of July, 2022.

_____
Zack Hawthorn
United States Magistrate Judge